UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

SECURITIES AND EXCHANGE
COMMISSION,

              Plaintiff,

v.

THE FALLS EVENT CENTER, LLC, and
STEVEN L. DOWN,

              Defendants.

Case No.: 2:18-cv-00382-JNP

Judge Jill N. Parrish

**FINAL JUDGMENT AS TO DEFENDANTS THE FALLS EVENT CENTER, LLC AND STEVEN L. DOWN**

The Securities and Exchange Commission (the "SEC") having filed a complaint and Defendants The Falls Event Center, LLC and Steven L. Down (collectively, "Defendants") having entered a general appearance; consented to the Court's jurisdiction and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the complaint (except as to jurisdiction and as otherwise provided herein in paragraph V); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 17(a)(2) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)(2)] in the offer or sale of any security by the use

of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided by Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Steven L. Down shall pay a civil penalty in the amount of $150,000 to the SEC pursuant to Section 20 [15 U.S.C. § 77t] of the Securities Act. Down shall make this payment pursuant to the terms of the payment schedule set forth in paragraph III below after entry of this Final Judgment.

Down may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Down may also pay by certified check, bank cashier's check, or United States postal money order payable to the SEC, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Down as a defendant in this action; and specifying that payment is made pursuant to

this Final Judgment.

Down shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action. By making this payment, Down relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Down. The SEC shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Down shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Down shall pay the penalty due of $150,000 in three installments to the SEC according to the following schedule: (1) $50,000 within 90 days of entry of this Final Judgment; (2) $50,000 within 150 days of entry of this Final Judgment; and (3) $50,000 within 210 days of entry of this Final Judgment. Payments shall be deemed made on the date they are received by the SEC and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of the Final Judgment. Prior to making the final payment set forth herein, Down shall contact the staff of the SEC for the amount due for the final payment.

If Down fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the SEC without further application to the Court.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Defendants' respective consents are incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendants, and further, any debt for civil penalty or other amounts due by Defendant Steven L. Down under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: 11 May 2018

_____
U.S. District Judge Jill N. Parrish